UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                v.

ARMUGHANUL ASAR,

                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-cr-385 (JMA)

**FILED**
**CLERK**
10/11/2023 4:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Pending before the court is the motion of defendant Armughanul Asar ("Defendant") for a correction of his sentence pursuant to Federal Rule of Criminal Procedure 35. (See ECF No. 148.) For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND[1]

### A. Guilty Plea and Sentence

On December 12, 2019, Defendant appeared, with counsel, before Magistrate Judge Anne Y. Shields and, pursuant to a plea agreement, entered a guilty plea to the first count of a two-count indictment charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (See Minute Entry, ECF No. 43; December 19, 2019 Plea Transcript ("Plea Tr."), ECF No. 46, at 10:2-15:5.) At his plea hearing, Defendant explicitly confirmed to Judge Shields that he: (1) is not an American citizen; (2) had "discussed with [his] attorney whether or not [his] guilty plea [would] have any effect on [his] ability to remain in this country"; and (3) understood the effect that such a plea may have on his post-incarceration right to remain in this country. (See

---

[1] Only background facts relevant to determination of the pending motion are set forth herein.

Plea Tr. 5:4-13.) Defendant further confirmed that he was satisfied with his legal representation up to that point. (Plea Tr. 13:6-8.)

Following the guilty plea, the Probation Department issued the Pre-Sentence Investigation Report ("PSR") which calculated a total offense level of 23 and a criminal history category of I. (See PSR, ECF No. 106, at 28-29.) Defendant's Guidelines range under the PSR was 46 to 57 months. (See id. at 28.) The PSR further noted that Defendant is a Pakistani citizen who is a lawful permanent resident of the United States. (Id. at 2.)

At Defendant's April 5, 2023 sentencing hearing, the Court informed the parties that, prior to sentencing, it had reviewed the transcript of Defendant's guilty plea and the PSR, and inquired whether the parties had any matters to discuss or objections to the PSR. (See April 5, 2023 Sentencing Transcript ("Sent. Tr."), ECF No. 148-1, at 2:17-3:9.) As neither party raised any issues or objections, the Court adopted the PSR and its proposed Guidelines calculation for sentencing purposes. (See id. 3:14-22.)

Immediately thereafter, and in consideration of the Government's Section 5K1.1 motion, the Court sentenced Defendant to six (6) months imprisonment and imposed a two-year (2) term of supervised release to begin following Defendant's release from prison. (See Minute Entry, ECF No. 125; Judgment, ECF No. 126.) Pursuant to the PSR, and without objection by either party, the Court further ordered Defendant to—jointly and severally with his co-defendants—pay restitution in the amount of $3,266,714.00, and separately ordered Defendant to comply with the terms of a January 7, 2020 final order of forfeiture, to which Defendant agreed following his guilty plea. (See Judgment at 6-8; see also January 7, 2020 Final Order of Forfeiture, ECF No. 126-1.) Defendant's initial surrender date of June 19, 2023 has been extended multiple times, to and

including October 30, 2023.  (See generally Judgment; Electronic Orders dated June 14, 2023, July 26, 2023, and August 25, 2023.)

### B. Instant Motion

On August 24, 2023, Defendant filed the instant application for a correction of his sentence pursuant to Federal Rule of Criminal Procedure 35.  (See ECF No. 148.)   The Government responded on September 18, 2023.  (See ECF No. 150.)

## II.  DISCUSSION

### A. Legal Standards

Federal Rule of Criminal Procedure 35(a) "permits a court to correct a sentence that resulted from 'arithmetical, technical, or other clear error.'"  United States v. Shapiro, No. 14-cr-399, 2022 WL 2758129, at *1 (E.D.N.Y. July 14, 2022) (quoting Fed. R. Crim. P. 35(a)).  Changes to a sentence under Rule 35 must be made "[w]ithin 14 days after sentencing," and that period begins to run upon "the oral announcement of the sentence."  Fed. R. Crim. P. 35(a), (c).  The Second Circuit has held that Rule 35(a)'s time period is "jurisdictional[,]" meaning that a district court is precluded from entertaining such a motion after the expiration of Rule 35(a)'s 14-day bar.  See United States v. Sarvestani, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing United States v. Abreu–Cabrera, 64 F.3d 67, 73 (2d Cir. 1995)) (internal quotation marks and alterations omitted); see also United States v. Perez, No. 19-cr-880, 2022 WL 4728200, at *1 (S.D.N.Y. Oct. 3, 2022).

### B. Defendant's Sentence Correction Request

While difficult to decipher, Defendant's request for a "correction" of his sentence under Rule 35(a) appears to be based on the contention that this Court, at sentencing, was unaware of the potential immigration ramifications of Defendant's sentence, namely that Defendant's status as a non-citizen may render him susceptible to post-imprisonment detention, and eventual deportation

3

back to his native Pakistan by Immigration and Customs Enforcement ("ICE"). (See generally ECF Nos. 141, 148.) According to Defendant, this Court's purported ignorance provides a basis to correct Defendant's sentence under Rule 35(a). The Court disagrees.

As a threshold matter, the Court lacks jurisdiction to entertain Defendant's instant motion. Defendant was sentenced on April 5, 2023, and the instant motion was filed on August 24, 2023. (See ECF Nos. 126, 148.) "Since more than 14 days have passed since the Court's oral announcement of sentence, it lacks jurisdiction to correct his sentence under Rule 35(a), even if the sentence was otherwise correctable under that rule." Perez, 2022 WL 4728200, at *2 (quoting United States v. Munoz, No. 12-cr-437, 2014 WL 2566263, *1 (E.D.N.Y. June 6, 2014)); see also United States v. Jones, No. 18-cr-41, 2022 WL 16836744, at *1 (S.D.N.Y. Nov. 9, 2022) (finding defendant's sentence correction motion "untimely" under Rule 35(a) when filed more than 14 days after sentence announcement); Shapiro, 2022 WL 2758129, at *1 (same). Defendant's motion thus fails on this basis alone.

Notwithstanding its jurisdictional flaws, Defendant's motion is substantively baseless. First, his contention that this Court was unaware of Defendant's non-citizen status at the time of sentencing is simply incorrect. In fact, the undersigned advised the parties, immediately prior to imposing sentence, that she had reviewed the transcript of Defendant's guilty plea, wherein Defendant explicitly confirmed that he: (1) is not an American citizen; (2) discussed with his attorney whether his guilty plea could affect his ability to remain in the country; and (3) understood the effect that his guilty plea might have on his right to remain in this country post-incarceration. (See Plea Tr. 5:4-13.) These statements, by themselves, demonstrate that the Court was not – as Defendant contends – unaware of Defendant's citizenship status and susceptibility to deportation, prior to sentencing. Moreover, despite multiple opportunities during both his plea and sentencing

hearings to interpose the objections he now advances, Defendant failed to do so. Indeed, neither he nor his counsel argued that the Court should impose a lesser sentence – especially in light of the Government's support for a below-Guidelines sentence – based on the speculative immigration ramifications he now suggests warrant a "correction" of his sentence. (See generally Plea Tr.; Sent. Tr.) The Court thus rejects Defendant's contention that it was misinformed prior to sentencing and denies Defendant's motion on this ground.

Defendant's legal arguments fare no better. Initially, the notion that this Court should shorten or alter his sentence based on the supposition that, once Defendant surrenders to the custody of the Bureau of Prisons, ICE will file a detainer for his post-incarceration surrender to ICE based on his conviction, is both speculative and legally unsupported. Moreover, the Court explicitly rejects Defendant's attempt to shirk responsibility for his criminal conduct. As Defendant has admitted on multiple occasions, he was involved in perpetrating a multimillion-dollar fraud and cooperated with the Government against his co-defendants in exchange for a 5K letter, which permitted this Court to impose a very lenient, below-Guidelines sentence. Defendant's instant request that this Court "correct" that sentence because of immigration results that logically flow from pleading guilty to a federal felony—and are, accordingly, out of this Court's jurisdiction—is not only logically flawed but asks this Court to ignore the voluntary and uncoerced nature of his actions. Indeed, all responsibility for Defendant's actions rests at his feet. The Court finds his arguments unpersuasive and denies his Rule 35 motion in its entirety.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for a correction in sentence pursuant to Federal Rule of Criminal Procedure 35, ECF No. 148, is DENIED.

**SO ORDERED**.

                                                       /s/ (JMA)

Dated: October 11, 2023                        Hon. Joan M. Azrack
      Central Islip, New York                United States District Judge